Dear Mr. Williams:
You requested the opinion of this office concerning the New Orleans District Attorney's Office (the "D.A.'s Office") entering into a contract with an internet service provider (the "Company") to create a web page for the D.A.'s Office. You advised that the D.A.'s Office does not currently have an official web site. The proposal from the Company calls for the Company to design the web site and web page that will be owned exclusively by the Company. All pages and intellectual property associated with or related to the web pages will be owned by the Company. The Company will solicit advertising for placement on the front page of the web site, with the D.A.'s Office and the Company sharing the revenue from the advertising. Your questions are:
 1. Does the D.A.'s Office have the power to enter into a contract with an internet service provider that will create a web page for the D.A.'s Office?
We have been unable to find any statute which specifically pertains to a contract between the District Attorney and an internet service provider to create a web page for the D.A.'s Office. However, if it is determined that a web page is necessary for the District Attorney to perform his constitutional duties as set forth in La. Const. Art. V, Sec. 26(B) which states that the District Attorney "shall have charge of every criminal prosecution by the state in his district, be the representative of the state before the grand jury in his district, and be the legal advisor to the grand jury", we believe that the ability to enter into a contract for the creation of a web page would be within the inherent authority of the District Attorney.
 2. Does the D.A.'s Office have the power to sell advertising on its official web site?
Our research has not revealed any statute either authorizing or prohibiting the sale of advertising on the District Attorney's official web site. Accordingly, as it is not prohibited by law, we are of the opinion that the District Attorney may sell advertising on its official website.
 3. Are criminal defense attorneys allowed to advertise on the web page?
La. Const. Art. V, Sec. 29(C) prohibits the district attorney from appearing, pleading, or in any way defending or assisting in defending any criminal prosecution or charge. It could possibly be argued that allowing a criminal defense attorney to advertise on the official web page of the District Attorney's Office would constitute assisting in the defense of a criminal prosecution or charge and thus would not be allowed by the Louisiana Constitution.
In determining the types of advertisements which would not be permissible under Louisiana law, please note that La. Const. Art. XI, Sec.4 prohibits public funds from being used to urge any elector to vote for or against any candidate or proposition and R.S. 43:111.1 prohibits the use of public funds for advertisements containing the names of public officials.
Ethically, the District Attorney may have to recuse his office from prosecuting any person or entity with whom he has a contract to sell advertising or from whom the District Attorney's office derives advertising revenues.
We must also advise that if the District Attorney's Office sells advertising on the web page, it is possible that a public forum may be created for purposes of the First Amendment to the United States Constitution. See discussions in United States v. American LibraryAssociation, 2003 WL 21433656, ___ S.Ct. ___ (June 23, 2003); Corneliusv. NAACP Legal Defense and Educational Fund, Inc., 473 U.S. 788,105 S.Ct. 3439, 87 L.Ed.2d 567 (1985); Good News Club v. Milford CentralSchool, 533 U.S. 98, 121 S.Ct. 2093, 150 L.Ed.2d 151 (2001); ArkansasEducational Television Commission v. Forbes, 523 U.S. 666,118 S.Ct. 1633, 140 L.Ed.2d 875
(1998); Diloreto v. Downey Unified School District Board of Education,196 F.3d 958 (Aug. 4, 1999).
If a public forum is created, it is possible that a court could determine that criminal defense attorneys, bail bond agents, fast food restaurants, adult bookstores, casinos and all other manner of legal enterprises should be allowed to advertise on the web page.
4. Are there any provisions of law that would require any revenues received by the contract with an internet service provider to be paid to the City of New Orleans or any other city or state agency?
Our review of the statutes pertaining to the funding of the District Attorney's Office does not reveal any requirement that revenues received by the District Attorney pursuant to the contract with the internet service provider be paid to the City of New Orleans or any other city or state agency. The statutes which pertain to funding of the District Attorney's Office address the disposition of fines, forfeitures and licensing fees (R.S. 15:571.11; R.S. 13:846; R.S. 13:1381.5), which would not include advertising revenues.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
/MSH
DATE RELEASED: September 2, 2003